■ In the Matter of ANDREW FATSCHER POST No. 854, DEPARTMENT OF NEW YORK, THE AMERICAN LEGION, INC., Petitioner, v. NEW YORK STATE LOTTERY CONTROL COMMISSION, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the New York State Lottery Control Commission, dated December 20, 1961, revoking petitioner's license to conduct bingo games on the ground that it had violated the statute (General Municipal Law, §§ 488, 491, 495), in that it permitted nonmembers of its organization to assist at such games and kept inaccurate records of its receipts and expenses. By order of the Supreme Court, Nassau County, made February 7, 1962, pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination confirmed and proceeding dismissed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN OF NORTH HEMPSTEAD, Appellant, v. HOWARD PHIPPS, Respondent.— In a condemnation proceeding under the Nassau County Administrative Code and the Nassau County Civil Divisions Act, to acquire title to a certain portion of claimant's land, described as "Damage Parcel No. 1," to be used as the site of a public high school, the petitioner, the Board of Education appeals, as limited by its brief, from so much of a partial final decree of the Supreme Court, Nassau County, entered November 28, 1960 upon the decision of the court after a nonjury trial, as awarded to the claimant: (a) $200,400 for his direct damage for the taking of the portion of his land; and (b) $17,750 for his severance or consequential damage to his remaining contiguous land. Petitioner contended: (1) that the $200,400 award, based on a valuation of $6,000 an acre for the portion taken, was excessive and contrary to the weight of the evidence; and (2) that the claimant failed to prove loss or diminution in value to the untaken remainder which would justify any award for consequential damages. Decree, insofar as appealed from, affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of ANN M. GOELKEL, Appellant, v. DANIEL LOCITZER, as Building Official of the City of New Rochelle, Respondent.— In a proceeding under article 78 of the Civil Practice Act, petitioner appeals from an order of the Supreme Court, Westchester County, dated November 13, 1961, which denied her petition to compel the Building Official of the City of New Rochelle to issue a "certificate of incidental occupancy". Petitioner contended that she was entitled to such certificate as of right, and that it would permit her to use the sun porch and living room at the north end of her one-family house for the purpose of conducting a kindergarten, incidental to her continued residence in the house. Order affirmed, without costs (cf. Matter of Goelkel v. Board of Appeals of City of New Rochelle, 16 A D 2d 972). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.